UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SUGAR RAY BULLOCK                    CIVIL ACTION NO. 08-cv-1333

VERSUS                               JUDGE HICKS

LEE ODOLLERY SMITH, JR., ET AL       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Sugar Ray Bullock ("Plaintiff"), on behalf of himself and three minor daughters, filed suit in a Bossier Parish state court for damages caused by a traffic accident. Plaintiff alleged that he was driving a Dodge Durango north on Highway 3, with his three daughters as passengers, when a Freight Line truck with trailer crossed into his lane of travel and caused an accident. One of Plaintiff's daughters was killed, and Plaintiff and his other two children were injured.

Plaintiff filed his petition pro se (but it appears that the pleading may have been drafted by an attorney). Plaintiff alleged that he is domiciled in Tennessee. He named as defendants Lee Smith, Jr. (the driver of the truck), Weatherly Truck Lines, Inc. (the owner of the truck), and Insurance Center, Inc. (the insurer of the truck).

Defendants promptly filed a Notice of Removal based on assertion of diversity jurisdiction. They noted Plaintiff's allegation that he is a Tennessee citizen. Defendants also alleged that Mr. Smith's is a "resident of the state of Arkansas," that Weatherly is "domiciled

in and is an Arkansas corporation," and that Insurance Center, Inc. is "also an Arkansas corporation." Notice of Removal, ¶ IV.

Less than a month after the case was removed, attorney Sam Jenkins, Jr. moved to enroll as counsel for Plaintiff. One day after the order was signed granting that enrollment, counsel filed a Motion to Amend Complaint (Doc. 6) and a related Motion to Remand (Doc. 8). Plaintiff proposed to amend his complaint to allege that he is a Louisiana citizen (residing only temporarily in Tennessee), to add as a defendant Great West Casualty Company (a "foreign corporation" that allegedly insures the truck), and add as a defendant the State of Louisiana, through its Department of Transportation and Development ("DOTD"). Plaintiff argues that his alleged Louisiana citizenship and the addition of the Louisiana DOTD will destroy diversity and require a remand of the case. Defendants challenge Plaintiff's contention that he is a citizen of Louisiana and urge that the addition of the DOTD would violate the improper joinder doctrine because the state agency is entitled to assert Eleventh Amendment immunity.

The Plaintiff testifies in an affidavit attached to his Motion to Remand that he is a citizen and domiciliary of Louisiana. He states that he owns a home located in Shreveport and is registered to vote in Caddo Parish. He testifies that he "temporarily reside[s] in Tennessee pursuant to an employment contract with Fisk University which expires in July, 2009." He concludes with a statement that it is not his intent to change his Louisiana citizenship due to his employment. Defendants respond that there are not enough facts

known to determine Plaintiff's citizenship at this point. For example, it is not stated in the record when Plaintiff moved to Tennessee, there is evidence that Plaintiff last voted in Louisiana in 2006, there is evidence that Plaintiff recently voted in Tennessee, and there are other factors relevant to citizenship that are unknown. The court would ordinarily grant leave to conduct discovery and additional briefing on this issue, but it is not necessary to a decision of the pending motions to determine whether Plaintiff is a citizen of Tennessee or Louisiana.

Plaintiff, whether a citizen of Louisiana or Tennessee, appears to be diverse in citizenship from all existing and proposed defendants except perhaps the Louisiana DOTD. (There is, however, a need for Defendants to amend their Notice of Removal to plead their own citizenship with specificity, which will be addressed below). That is because the DOTD is not a citizen at all, and its addition as a party will destroy diversity jurisdiction no matter the citizenship of the other parties.

Congress provided in 28 U.S.C. § 1332 that federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states; citizens of a state and citizens of a foreign state; citizens of different states and in which citizens of a foreign state are additional parties; or a foreign state as plaintiff and citizens of a state or of different states. The Supreme Court, in interpreting a predecessor statute governing jurisdiction over suits between citizens of different states, held that a "state is not a citizen" so that the courts would lack jurisdiction over a suit between a state and a citizen or corporation of another state. Postal Telegraph

Cable Co. v. State of Alabama, 15 S.Ct. 192, 194 (1894). See also Louisiana v. Union Oil Co. of California, 458 F.3d 364 (5th Cir. 2006).

That rule has been followed, and it is now "well established that a state is not a 'citizen' for purposes of diversity jurisdiction," Tradigrain, Inc. v. Mississippi State Port Authority, 701 F.2d 1131, 1132 (5th Cir. 1983), and that "[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship." Texas Department of HCA v. Verex Assure, Inc., 68 F.3d 922, 926 (5th Cir. 1995). This rule extends to cases in which the state is one of multiple plaintiffs or defendants and there is diversity among the parties who are citizens. Batton v. Georgia Gulf, 261 F.Supp.2d 575 (M.D. La. 2003) (also holding that supplemental jurisdiction over the state is unavailable); and Tomback v. UnumProvident Corp., 2005 WL 2596449 (N.D. Cal. 2005) (presence of non-citizen state defendant destroyed diversity jurisdiction despite diversity between plaintiff and other defendants who were citizens).

"If suit is brought against an agency which is merely an alter ego of the state, it follows that federal jurisdiction is also lacking." Tradigrain, 701 F.2d at 1132. The determination of whether an agency is an alter ego of the state or an independent agency is based on an analysis "virtually identical" to the test used to determine whether an agency is an arm of the state for Eleventh Amendment purposes. Id.

The Fifth Circuit "has repeatedly held that the DOTD may exercise [Eleventh Amendment] immunity from suit by private citizens and federal court" because it is an arm

of the state. <u>Tillman v. CSX Transportation, Inc.</u>, 929 F.2d 1023, 1025 n.1 (5th Cir. 1991).[1]
<u>See</u> <u>also</u> <u>Firearm Fund Ins. Co. v. Department of Transportation and Development</u>, 792 F.2d 1373 (5th Cir. 1986) and <u>Lambert v. Kenner City</u>, 2005 WL 53307 (E.D. La. 2005). Accordingly, the DOTD is equivalent to the State of Louisiana for purposes of determining diversity of citizenship, and the addition of the agency would not permit the exercise of diversity jurisdiction.

Defendants urge that the post-removal amendment to add the DOTD is barred by the improper or fraudulent joinder doctrine, but that doctrine applies only to the assessment of whether a party sued in state court *before* the removal may be ignored for diversity purposes. When a plaintiff proposes to add a diversity-destroying defendant *after* the case is removed, the court's decision of the issue is guided by the factors set forth in <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th Cir. 1987). <u>See</u> <u>Cobb v. Delta Exports, Inc.</u>, 186 F.3d 675, 677-79 (5th Cir. 1999) (contrasting the fraudulent or improper joinder doctrine with the <u>Hensgens</u> analysis).

---

[1] <u>Tillman</u> held that the Court of Appeals lacked appellate jurisdiction to review the remand order before it, but the Court nonetheless opined that the district court was wrong to conclude that remand was required if the DOTD was added as a defendant merely because the agency might raise an Eleventh Amendment defense. The potential that the state would raise the defense was deemed not to destroy subject matter jurisdiction. 929 F.2d 1027-28. It does not appear that <u>Tillman</u> considered the separate issue of whether the DOTD was equivalent to the state for citizenship purposes and what impact there would be on diversity if the state were added as a defendant.

Leave to amend is ordinarily freely granted, but Hensgens instructs that when a district court is faced with an amendment that adds a diversity-destroying defendant it "should scrutinize that amendment more closely than an ordinary amendment." Hensgens, 833 F.2d at 1182. The court must balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits. Factors to be considered include (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, and (3) whether the plaintiff will be significantly injured if the amendment is not allowed. Hensgens, 833 F.2d at 1182.

There is no indication that Plaintiff has been unduly dilatory in asking for the amendment, though he did wait to file suit until prescription almost expired. His counsel filed the relevant motions as soon as he enrolled, and he enrolled soon after the case was filed. As to whether the purpose of the amendment is to defeat federal jurisdiction, Plaintiff denies that is the case. But the facially apparent lack of merit in the claim alleged against the DOTD suggests that might be the case, and the lack of merit also supports a conclusion that Plaintiff will not be significantly injured if the DOTD is not added.

Plaintiff's only substantive allegation against the DOTD is found in Paragraph 4(B) of the proposed amended complaint. The paragraph alleges, in its entirety as follows:

> Plaintiff show that at time of this accident, LA Hwy 3 was within the custody and control of the State of Louisiana, Department of Transportation and Development. Near the location of the accident, a vehicle traveling northbound must

> merge from the right lane into the left lane of the highway. However at this location the first warning sign is posted 8/10 of a mile south of the merged lanes which results in an inadequate amount of time for vehicles traveling at the posted speed of 45 MPH to safely react and make the merger. The posting of warning signs is the sole responsibility of the State of Louisiana Department of Transportation and Development which was a contributing cause to the injuries suffered by plaintiff.

The undersigned sees nothing in this allegation that would suggest a good faith, viable claim against the DOTD. Eight tenths of a mile seems to be more than adequate warning of a merger for cars that are traveling on a highway with a posted speed limit of 45 mph. A driver who is traveling 45 mph will take about one minute and four seconds to travel 8/10ths of a mile. That appears to be adequate warning for a merger. This apparent lack of merit in the claim against the DOTD, when considered under the Hensgens framework, weighs against permitting the addition of the DOTD to this case and destroying subject matter jurisdiction. Accordingly, the **Motion for Leave to Amend Complaint (Doc. 6)** and the related **Motion to Remand (Doc. 8)** are **denied**.

There are, as noted above, some other issues regarding the citizenship of the parties that remain unresolved. Lee Smith, Jr. is alleged to be a "resident" of Arkansas, but it is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may have residences in more than one state, as Defendants allege Plaintiff has, but

he has only one domicile at a time. Defendants will need to file an Amended Notice of Removal to allege Smith's citizenship/domicile.

Defendants allege that Weatherly Truck Lines, Inc. is "domiciled in and is an Arkansas corporation," and they assert that Insurance Center, Inc. "is also an Arkansas corporation." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation"). Defendants allege that Weatherly and Insurance Center are incorporated in Arkansas, but they do not allege with specificity the state in which either corporation has its principal place of business. The Amended Notice of Removal, which should be filed by **December 1, 2008**, should include that information.

Plaintiff's proposed amendment, which was denied because of the presence of the DOTD, also proposed to add as defendant Great West Casualty Company, which was described only as a "foreign corporation." If Plaintiff files another motion for leave to amend in an effort to add Great West, the proposed pleading should state with specificity the state in which Great West is incorporated and the state in which it has its principal place of business. If Plaintiff is not able to learn that information before filing the proposed pleading, Plaintiff is directed to commence discovery on those issues immediately after any such amendment is permitted and to later amend to plead with specificity the date of incorporation and the state of principal place of business of Great West. The court is obligated to ensure the presence of diversity, even if the parties do not raise the issue.

There is an unresolved dispute regarding whether Plaintiff is a citizen of Louisiana or Tennessee. That dispute may not be relevant if none of the eventual defendants is a citizen of either of those states. If the issue is or becomes relevant, defendants will bear the burden of discovering and presenting facts to support their assertion that Plaintiff is a citizen of Tennessee.

All parties should promptly begin efforts to address these jurisdictional issues and propose any additional amended complaints. Once all defendants have been joined and filed answers, and when the court is satisfied that Defendants have satisfied their burden of establishing diversity of citizenship, a scheduling conference will be set. If Defendants do not satisfy their burden, the case may be remanded.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of November, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE