UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SUGAR RAY BULLOCK | CIVIL ACTION NO. 08-cv-1333 |
| VERSUS | JUDGE HICKS |
| LEE ODOLLERY SMITH, JR., ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Sugar Ray Bullock ("Bullock") was driving a Dodge Durango north on Highway 3 in Bossier Parish, with his three daughters as passengers, when the Durango was involved in an accident with a commercial tractor-trailer rig. One of Bullock's daughters was killed, and Bullock and his other two children were allegedly injured.

Bullock and his former wife, Randi Kinyon, filed three state court suits arising from the accident. This case, one of the three, was removed based on assertions of diversity jurisdiction. Bullock, the plaintiff in this case, has filed a Voluntary Motion to Dismiss (Doc. 15) without prejudice. Bullock proposes to drop this removed case and pursue in state court the identical claims that he asserted in the two related cases. Defendants object to the dismissal. They urge that Bullock's goal of dropping this suit to pursue his claims in state court is moot because all three cases have since been removed. Defendants asks the court to

consolidate the three cases for trial in federal court. The court will set forth a summary of each of the three related proceedings and then address the motion to dismiss filed in this case.

**The Three Suits**

### A. Bullock's Bossier Parish Suit (This Suit)

The first of the three suits was filed by Bullock, pro se, in a Bossier Parish state court as No. 127-212. Bullock filed the suit on behalf of himself and his three daughters. The named defendants were Lee Smith, Jr. (the driver of the truck), Weatherly Truck Lines, Inc. (the owner of the truck), and Insurance Center, Inc. (the alleged insurer of the truck).

Defendants promptly filed a notice of removal based on an assertion of diversity jurisdiction. They pointed to Bullock's allegation in his petition that he is "domiciled in the County of Davidson, State of Tennessee." The removing defendants asserted that each of them is a citizen of Arkansas. See 08-cv-1333, Docs. 1 and 16.

Less than a month after Bullock's case was removed, Attorney Sam Jenkins, Jr. enrolled as counsel for Bullock. He immediately filed a motion to amend the complaint to allege that Bullock is actually a Louisiana citizen (residing only temporarily in Tennessee) and to add new defendants, including the State of Louisiana, through its Department of Transportation and Development ("DOTD"). Bullock's counsel simultaneously filed a motion to remand on the grounds that the addition of DOTD would destroy diversity and require remand of the case.

The undersigned found that the DOTD is equivalent to the State of Louisiana for purposes of determining diversity of citizenship. A state is not a citizen at all, and its presence in the case would destroy diversity jurisdiction. Accordingly, the court analyzed the motion for leave to amend pursuant to the Hensgens factors. The court found no apparent merit to the claim against DOTD, so it denied the motion for leave to amend and the related motion to remand. The issue of Bullock's citizenship was not resolved. There was not sufficient evidence in the record to render a decision, and the denial of the motion for leave to amend made it unnecessary to determine whether Bullock was a citizen of Tennessee or Louisiana. Under either scenario, he was completely diverse from the Arkansas defendants. Bullock v. Smith, 2008 WL 4853355 (W.D. La. 2008).

Less than two weeks after the court denied the motion to amend and motion to remand, Bullock filed the motion to voluntarily dismiss his case without prejudice, the motion now before the court. He noted the two related cases filed in state court by Randi Kinyon (which named Bullock as a defendant) and stated that he had filed cross-claims against his fellow defendants in those cases to make the same claims asserted in this civil action.

**B. Kinyon's Bossier Parish Suit**

A few days after Bullock filed his suit in Bossier Parish, Randi Kinyon filed two suits arising from the accident. The two petitions were virtually identical, except one was filed in Bossier Parish and the other was filed in neighboring Caddo Parish. The apparent reason for

the twin lawsuits in Caddo and Bossier Parishes was concern about the proper venue under state procedural rules. Venue might be proper in Caddo Parish if Bullock were a resident of that parish, but venue would be proper only in the parish in which the accident happened (Bossier) if Bullock and the other defendants were all non-residents of Louisiana.

Kinyon, a North Carolina citizen, filed wrongful death and survival claims in her capacity as the mother of the deceased child, and she asserted claims in her capacity as the tutrix of the two injured children. The named defendants were Bullock (alleged to be domiciled in Louisiana), State Farm (Bullock's insurer), Lee Smith (the truck driver), Weatherly Truck Lines (truck owner), Great West Casualty Company (Weatherly's insurer), and Southwest Insurance Corporation (an alleged insurer). Kinyon alleged that both Bullock and Smith were at fault in causing the accident.

Kinyon's Bossier Parish suit was assigned Suit No. 127-247. Bullock filed in the Bossier Parish case a cross-claim against co-defendants Smith, Weatherly, Great West, and (new party) DOTD. Bullock alleged survival and wrongful death claims arising from the death of his daughter, and he alleged that he and his other two children were injured in the accident. The cross-claim does not affirmatively state that it seeks damages on behalf of the two injured children, but the children and their injuries are mentioned in the cross-claim.

Smith, Weatherly Truck Lines, and Great West removed the case based on an assertion of diversity jurisdiction. Randi Kinyon filed a motion to remand on several grounds,

including the failure of all served defendants to join in the notice of removal. The court recently granted the motion, and the case has been remanded to the Bossier Parish court.

**C. Kinyon's Caddo Parish Suit**

Kinyon, on the same day she filed her Bossier Parish suit, filed a virtually identical petition in state court in Caddo Parish. Bullock, a defendant in Kinyon's Caddo Parish suit, filed a cross-claim against his fellow defendants and (new defendant) DOTD. Bullock did not purport to appear on behalf of any of his injured children, but he did mention their injuries.[1] He also asserted claims for survival and wrongful death damages for the loss of his deceased daughter. It appears that Bullock, as the father, would retain the right (shared by both parents) to pursue survival and wrongful death actions based on the death of his daughter who was killed in the accident. La. Civ. Code arts. 2315.1(A)(2) and 2315.2(A)(2).

The parties negotiated regarding the venue issue. Counsel for some of the parties reached an agreement by late November or early December 2008 that Kinyon would dismiss her Caddo Parish suit. In exchange, defendants would drop the exceptions that they filed in Bossier Parish, and "agree to proceed in Bossier state court." A few days later, however, counsel for those same defendants removed the Caddo Parish case to this court based on an assertion of diversity jurisdiction. See 08-cv-1924.

---

[1] There was state-court litigation earlier in the Caddo case as to the procedural propriety of Kinyon asserting claims on behalf of the injured minors. Kinyon clarified her pleadings to allege that she is the proper parent to assert the claims of the two injured children because a domestic decree granted her sole care of the minor children. See La.C.C.P. art. 4061.1(A)(2).

No motion is pending in the removed Caddo Parish case. Defendants represent in their memorandum that Kinyon did dismiss all of her claims in the Caddo Parish case, leaving only Bullock's cross-claims pending in that case.

**Analysis of the Motion to Dismiss**

Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff, subject to certain exceptions, to dismiss an action "without a court order" by merely filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or by filing a stipulation of dismissal signed by all parties who have appeared. Defendants filed an answer before removal, and they did not sign a stipulation of dismissal, so Rule 41(a)(1) is not available to Plaintiff. That forces Plaintiff to look to Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Unless the order states otherwise, a dismissal under the provision is without prejudice.

Most defendants are delighted when a plaintiff asks that all claims against the defendant be dismissed, but Defendants insist that Plaintiff be required to continue suing them. They do not even propose any terms under which dismissal could be granted. Defendants prefer that this federal suit continue against them, with the stated reason that the removal of all three suits allows consolidated proceedings in this federal court. However, as noted above, the court recently remanded one of the cases.

A defendant's interests are relevant to a Rule 41(a)(2) request, but "in most cases a dismissal should be granted unless the defendant will suffer some legal harm." LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976). That legal harm or legal prejudice must be more than the mere prospect of a second lawsuit. Davis v. Huskipower, 936 F.2d 193, 199 (5th Cir. 1991). And it is not a bar to dismissal that the plaintiff may obtain some tactical advantage. Manshack v. SWEPCO, 915 F.2d 172, 174 (5th Cir. 1990). See also Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002)("[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.")

It does not appear the Fifth Circuit has adopted any rigorous formula for the court to consider in exercising its broad discretion in this arena, but the Court in Elbaor cited some factors that other circuits have considered relevant. They are: (1) the defendants' effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiffs in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendants. 279 F.3d at 317, n. 2.

This case is relatively new. There is no indication in the record or representation by Defendants that Defendants have expended any significant effort or expense in preparing for trial. There has yet to be even an initial scheduling conference. There is no indication of lack of diligence by Plaintiff, and Plaintiff has explained the reason he wishes to dismiss the

case: he wants to enjoy the efficiency of a single lawsuit to determine all claims and avoid multiple suits in different forums over the same accident. Defendants have not articulated any defense that would be lost by dismissal or other form of legal harm or prejudice. Defendants do not even face the ordinary prospect of a second lawsuit, as the suit in which the claims will be litigated is already pending. Defendants will merely shed themselves of one of the three lawsuits.

After a consideration of the relevant factors and the applicable jurisprudence, the court finds that Plaintiff should be allowed to dismiss this action without prejudice. That will leave (1) the civil action that was remanded to the Bossier Parish court and (2) the cross-claims asserted by Plaintiff that were removed from Caddo Parish and remain pending in this case in 08-cv-1924. Plaintiff has not filed a similar motion to dismiss in that action. A scheduling conference will be set in that matter in due course.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's **Voluntary Motion to Dismiss (Doc. 15)** be **granted** and that this civil action be **dismissed without prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's

objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of May, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE